United States District Court

Northern District of California

EUSEBIO R. GONZALEZ,

    Plaintiff,

  v.

S. PATRICK, RN, et al.,

    Defendants.

Case No.: 13-5383 CW (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Plaintiff Eusebio R. Gonzalez, a state prisoner incarcerated at San Quentin State Prison (SQSP) filed the present pro se civil rights action under 42 U.S.C. § 1983 asserting that staff at SQSP violated his constitutional rights.  Plaintiff's motion to proceed in forma pauperis is granted in a separate order.

For the reasons discussed below, the complaint is DISMISSED with leave to amend.

## DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Under § 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).IIII

II. Plaintiff's Claims

Plaintiff names the following individuals as Defendants: Registered Nurse S. Patrick; Registerd Nurse E. Aldip; Chief of Third Level Health Care Appeals L. D. Zamora; and Chief Executive Officer Andrew W. Deems. Plaintiff briefly alleges that, when he was incarcerated at Pleasant Valley State Prison (PVSP), he was diagnosed with "matatarsalgia."[1] On November 2, 2012, Plaintiff arrived at SQSP and became experienced second guessing about his diagnosis and inadequate medical service. He was no longer afforded the reasonable accommodations he had at PVSP.

The administrative appeals Plaintiff submits with his complaint indicate that Plaintiff named these Defendants because they were involved in reviewing his administrative appeals. In

---

[1] "Metatarsalgia" describes "a condition marked by pain and inflammation in the ball of the foot." See http://www.mayclinic.org/diseases/metatarsalgia.

his first appeals, Plaintiff asked to be referred to a podiatrist and this request was denied. However, the Third Level Response to Plaintiff's appeal indicates that, on April 10 and June 26, 2013, Plaintiff was seen by a podiatrist who noted that Plaintiff's x-rays showed a healing fracture of recent origin. In addition, on June 14, 2013, Plaintiff was seen by his primary care provider regarding his foot pain and, as a result, Plaintiff has an appointment with the prosthetics clinic for orthopedic shoes.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059. A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. Farmer, 511 U.S. at 837. In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and

resulting harm.  McGuckin, 974 F.2d at 1060.  Deliberate indifference may be shown when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care.  Id. at 1062.

The allegations in Plaintiff's complaint fail to state a claim for deliberate indifference to his serious medical need. Even if Plaintiff's matatarsalgia qualifies as a serious medical need, he fails to include any allegations showing the subjective element required by Farmer, that Defendants acted with deliberate indifference to that serious medical need.

Accordingly, Plaintiff's complaint is dismissed.  If Plaintiff still feels that Defendants were deliberately indifferent to his serious medical need, he is granted leave to file an amended complaint to remedy the deficiencies noted above. In an amended complaint, Plaintiff must allege the actions of each Defendant that shows how that Defendant acted with deliberate indifference to Plaintiff's serious medical need.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint is DISMISSED.

2. Within twenty-eight (28) days from the date of this Order, Plaintiff may file an amended complaint in order to cure the deficiencies noted above.

Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption

4

both the case number of this action, No. C 13-5383 CW (PR), and the heading "AMENDED COMPLAINT."

    If Plaintiff fails to timely file an amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed.

    3.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

    4.   The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

    IT IS SO ORDERED.

Dated: 3/18/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE