FILED

OCT - 1 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUSEBIO R. GONZALEZ,

    Plaintiff,

v.

S. PATRICK, et. al.,

    Defendants.

No. C 13-05383 BLF (PR)

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant civil rights action in *pro se* pursuant to 42 U.S.C. § 1983.[1] Plaintiff's complaint was dismissed with leave to amend. (Docket No. 9.) Plaintiff's amended complaint is before the Court for an initial review. (Docket No. 12.)

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] This matter was reassigned to this Court on April 17, 2014.

Order Dismissing FAC With Leave to Amend
P:\PRO-SE\BLF\CR.13\05383Gonzalez_dwlta.wpd     1

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff claims that on "12-14-2014 [*sic*]," he was evaluated by Dr. Cranshaw[2] for complaints of "excruciating pain that stemmed from [Plaintiff]'s chronic illness 'metatarsalgia.'"[3] (Am. Compl. at 3.) Plaintiff claims that Dr. Cranshaw violated his constitutional rights by not considering a medical order for "ortho" shoes from the prior institution where Plaintiff had been incarcerated. (*Id.*) Plaintiff claims that the State has an obligation under the Eighth Amendment and state law to provide adequate medical care for its inmates. (*Id.*) Plaintiff claims that Dr. Cranshaw "acted by orders from administration to reduce the amount of shoe chronos allowed at San Quentin" in response to the dramatic increase in the general population from 2010 to 2012. (*Id.*) In support of his allegation that San Quentin has lowered its medical standards, Plaintiff offers an example where "Custody" issues orders to the medical staff with respect to the issuance

---

[2] Plaintiff initially refers to this doctor as "Granshaw" and then as "Cranshaw" for the remainder of the complaint. Accordingly, the Court will assume that "Cranshaw" is the correct name for this defendant.

[3] "Metatarsalgia" describes a condition where "the ball of your foot becomes painful and inflamed." *See* http://www.mayoclinic.org/diseases-conditions/metatarsalgia/basics/definition/con-20022369.

of bottom bed chronos because there is a limited number of bottom bunks. (*Id.* at 4.) Plaintiff claims that these orders "ultimately take[] the power from doctors to make a true diagnosis." (*Id.*) Plaintiff claims that Defendants S. Patrick, E. Aldip, Andrew W. Deems and L. D. Zamora have "abused the power entrusted to them by over looking medical conditions because orders from custody has trickled down through the chain of command and each one of the defendants having a part in abuse of power [*sic*]." (*Id.*)

      Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059. A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837. In order for deliberate indifferent to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *McGuckin*, 974 F.2d at 1060. Deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care. *Id.* at 1062.

      Plaintiff was advised of this legal standard when the Court dismissed his original complaint for failure to state a claim. (Docket No. 9 at 3-4.) The Court found that even if Plaintiff's "metatarsalgia" qualified as a serious medical need, Plaintiff's allegations failed to show the subjective element required by *Farmer*, 511 U.S. at 837, *i.e.*, that the named Defendants acted with deliberate indifference to a serious medical need. (*Id.* at 4.)

Plaintiff has again failed to make this showing in his amended complaint because nowhere does he allege that Dr. Cranshaw knew of and disregarded a substantial risk of serious harm to Plaintiff by his failure to authorize ortho shoes. Nor does Plaintiff allege that Dr. Cranshaw's actions resulted in harm. Lastly, Plaintiff claims he was examined on "12-14-2014," but that date has not yet passed.

Furthermore, Plaintiff fails to make any factual allegations against Defendants Patrick, Aldip, Deems and Zamora to indicate that they were personally responsible or involved with Plaintiff's medical needs. His allegation that they overlooked medical conditions is based on a made-up example of limited resources at the prison. (Am. Compl. at 4.) Without specific facts showing a causal link between Defendants' actions and the violation of Plaintiff's constitutional rights, Plaintiff fails to state a cognizable claim under § 1983. *See West v. Atkins*, 487 U.S. at 48.

In the interest of justice, Plaintiff shall be granted leave to file an amended complaint to remedy the deficiencies discussed above. Plaintiff must be sure to state the correct date on which the alleged incident(s) occurred. Plaintiff should also keep in mind that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* (citations omitted). Plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his rights. *Id.* at 634. At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The amended complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint. The second amended complaint must include the caption used in this order and the words "SECOND AMENDED COMPLAINT" on the first page, as well as the case number for this action, Case No. C 13-05383 BLF (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing a second amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: Oct 1, 2014

BETH LABSON FREEMAN
United States District Judge